UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Nicholas-Cyrus Lohar, | C/A No. 1:18-cv-00023-DCC |
| Plaintiff, | |
| vs. | ORDER |
| Mark Hammond; Henry McMaster; Jefferson Sessions; Keith I. Barton; Melanie J. Debose; Barry L. Thompson, II; Robert J. Harte; Southern Healthcare Partners; James Hettich; Michael Hunt; Eric Riddle; Rick Osban; | |
| Defendants. | |

This matter is before the Court on Plaintiff's Amended Complaint alleging violations of civil rights pursuant to 42 U.S.C. § 1983. ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On February 22, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Amended Complaint be dismissed without issuance of service of process. ECF No. 14. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections, and the time to do so has passed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge,[1] the Court finds no clear error and agrees with the Report's recommendation that the Complaint be dismissed without issuance of service of process.  Accordingly, the Court adopts the Report by reference in this Order.  The Complaint is dismissed without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 15, 2018
Spartanburg, South Carolina

---

[1] The Court notes that the Magistrate recommends dismissal of Defendant Jefferson Sessions because he is entitled to sovereign immunity as an arm of the State of South Carolina.  ECF No. 14 at 7.  Upon review of the Complaint, Amended Complaint, and completed Form USM-285, it appears that Plaintiff intends to name the Attorney General for the State of South Carolina and not Jefferson Sessions.  Accordingly, to the extent that Plaintiff intends to name the Attorney General for the State of South Carolina, the Court agrees with the Magistrate that sovereign immunity bars Plaintiff's claim against this defendant.  To the extent that Plaintiff intends to name Jefferson Sessions, Plaintiff has failed to allege sufficient facts against him to state a plausible claim.